IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:20-CV-00138-FDW-DSC

| | |
|---|---|
| LASHONDA JETTON, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>KILOLO KIJAKAZI, ACTING )<br>COMMISSIONER OF SOCIAL )<br>SECURITY,[1] )<br>)<br>Defendant. ) | **MEMORANDUM AND**<br>**RECOMMENDATION** |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Summary Judgment" (document #8) and Defendant's "Motion for Summary Judgment" (document #9), as well as the parties' briefs and submissions.

This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and these Motions are now ripe for disposition.

Having fully considered the written arguments, administrative record, and applicable authority, the undersigned respectfully recommends that Plaintiff's Motion for Summary Judgment be denied; that Defendant's Motion for Summary Judgment be granted; and the Commissioner's decision be affirmed.

---

[1] Kilolo Kijakazi is the Acting Commissioner of Social Security and is substituted as Defendant herein. No further action is required pursuant to Fed.R.Civ.P 25(d) and Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## I. PROCEDURAL HISTORY

The Court adopts the procedural history as stated in the parties' briefs.

Plaintiff filed the present action on September 3, 2020. She assigns error generally to the Administrative Law Judge's consideration of her fibromyalgia. She contends that the ALJ found her condition was a severe impairment but failed to evaluate it further in violation of SSR 12-2p. Plaintiff alleges that the ALJ failed to consider what effect fibromyalgia had on her Residual Functional Capacity ("RFC").[2] See "Plaintiff's Brief in Support …" at 2-6 (document #8-1); "Plaintiff's Response …" at 1-5 (document #11). Plaintiff's briefs could also be read as challenging the ALJ's treatment of her fibromyalgia related subjective complaints and symptoms. See Id.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971); and (2) whether the Commissioner applied the correct legal standards. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

---

[2]The Social Security Regulations define "Residual Functional Capacity" as "what [a claimant] can still do despite his limitations." 20 C.F.R. § 404.1545(a). The Commissioner is required to "first assess the nature and extent of [the claimant's] physical limitations and then determine [the claimant's] Residual Functional Capacity for work activity on a regular and continuing basis." 20 C.F.R. § 404.1545(b).

As the Social Security Act provides, "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986), quoting Richardson v. Perales, 402 U.S. 389, 401 (1971), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

See also Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. Hays v. Sullivan, 907 F.2d at 1456 (4th Cir. 1990); see also Smith v. Schweiker, 795 F.2d at 345; and Blalock v. Richardson, 483 F.2d at 775. Indeed, this is true even if the reviewing court disagrees with the outcome – so long as there is "substantial evidence" in the record to support the final decision below. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

### III. DISCUSSION OF CLAIM

The question before the ALJ was whether Plaintiff became disabled[3] as that term of art is defined for Social Security purposes.

---

[3]Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…
> Pass v. Chater, 65 F. 3d 1200, 1203 (4th Cir. 1995).

Plaintiff challenges the ALJ's determination of her RFC. The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. SSR96-8p, available at 1996 WL 374184, at *2. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Id.

Plaintiff has the burden of establishing her RFC by showing how her impairments affect her functioning. See 20 C.F.R. §§404.1512(c) & 416.912(c); see also, e.g., Stormo v. Barnhart, 377 F.3d 801, 806 (8th Cir. 2004) ("[t]he burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five"); Plummer v. Astrue, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("[t]he claimant bears the burden of providing evidence establishing the degree to which her impairments limit her RFC") (citing Stormo), adopted, 2012 WL 1858844 (May 22, 2102), aff'd, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In Mascio v. Colvin, 780 F.3d 632 (4th Cir. 2015), the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." 780 F.3d at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested. Although the ALJ did not cite to SSR 12-2p here, he conducted the thorough review required by that regulation.

The Court finds that the RFC determination here is supported by substantial evidence including Plaintiff's testimony, her history of chronic pain, activities of daily living, medical records and treatment history. Ponder v. Berryhill, No. 1:15-cv-00289-RJC, 2017 WL 1246350, at *4 (W.D.N.C. Mar. 31, 2017). "Mascio only requires a remand when an ALJ's opinion is 'sorely lacking' in a manner that 'frustrates meaningful review.'" Ponder, 2017 WL 1246350, at *4 (quoting White v. Colvin, No. 3:15-cv-00197-FDW, 2016 WL 3381265, at *5 (W.D.N.C. June14, 2016)). The ALJ addressed Plaintiff's fibromyalgia related symptoms in crafting her RFC. He included limitations to sedentary work with only simple, routine, repetitive tasks and occasional workplace changes. Plaintiff was limited to no more than occasional balancing, stooping, kneeling, crouching, crawling and climbing ramps and stairs, never climbing ladders, ropes or scaffolds, no work around heights or hazards, and no more than frequent handling and grasping. (Tr. 17.) The ALJ's RFC determination is supported by substantial evidence and should be affirmed.

Finally, substantial evidence supports the ALJ's evaluation of Plaintiff's subjective complaints and symptoms. Determining whether a claimant is disabled by non-exertional pain or other symptoms is a two-step process. "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and which could reasonably be expected to produce the pain or other symptoms alleged." Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), citing 20 C.F.R. § 416.929(b); and § 404.1529(b); 42 U.S.C. § 423(d)(5)(A). If there is such evidence, then the ALJ must evaluate "the intensity and persistence of the claimant's pain, and the extent to which it affects [his] ability to work." Id. at 595, citing 20 C.F.R. § 416.929(c)(1); and § 404.1529(c)(1). The Regulations provide that this evaluation must take into account:

> not only the claimant's statements about his or her pain, but also "all the available evidence," including the claimant's medical history, medical signs, and laboratory

> findings; any objective medical evidence of pain (such as evidence of reduced joint motion, muscle spasms, deteriorating tissues, redness, etc.); and any other evidence relevant to the severity of the impairment, such as evidence of the claimant's daily activities, specific descriptions of the pain, and any medical treatment taken to alleviate it.

Craig, 76 F.3d at 595 (citations omitted).

The ALJ found that Plaintiff met the first prong of the test. The ALJ then determined that her subjective complaints were not consistent with the objective evidence in the record. 20 C.F.R. § 404.1529(a) ("In determining whether you are disabled, we consider all your symptoms, including pain, and the extent to which your symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence.") The ALJ is responsible for making credibility determinations and resolving conflicts in the evidence. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ is accorded deference with respect to assessment of a claimant's credibility. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir.1984). Indeed, "[b]ecause he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight." Id.

Plaintiff cites to the Fourth Circuit's recent decision in Arakas v. Comm'r Soc. Sec. Admin., 983 F.3d 83 (4th Cir. 2020) for the proposition that the ALJ's analysis was inadequate here. But in Arakas, the Court's holding was "that ALJs may not rely on objective medical evidence (or the lack thereof)— even as just one of multiple factors—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." 983 F.3d at 97. The ALJ did not rely on a lack of objective medical evidence to support his conclusion that Plaintiff's fibromyalgia related symptoms were not as severe as she claimed. Plaintiff does not point to any significant evidence that the ALJ failed to evaluate nor does she identify unresolved conflicts in the evidence. Those were essential to the Arakas decision. See Funderburk v. Saul, 3:20-CV-00334-FDW, 2021 WL 1721871, at

*4 (W.D.N.C. Apr. 30, 2021) (distinguishing Arakas, 983 F.3d at 100); see also Walker v. Saul, 2021 WL 342570, at *10 (S.D.WVa. Jan. 6, 2021) (distinguishing Arakas where plaintiff failed to identify any conflicts in material evidence or misstatements, but rather invites the court to reweigh the evidence).

The ALJ thoroughly discussed the record and his conclusion that Plaintiff's subjective complaints were not as severe as she claimed is supported by substantial evidence. Accordingly, this assignment of error must be overruled as well.

Although the medical records establish that Plaintiff experienced symptoms to some extent, as the Fourth Circuit has noted, it is the ALJ's responsibility, not the Court's, "to reconcile inconsistencies in the medical evidence." Seacrist, 538 F.2d at 1056-57.

Simply put, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the Secretary (or the Secretary's designate, the ALJ)." Mickles v. Shalala, 29 F.3d 918, 923 (4th Cir. 1994) (citing Simmons v. Bowen, 834 F.2d 635, 640 (7th Cir. 1987)). There is substantial evidence to support the ALJ's treatment of the record and the hearing testimony, and the ultimate determination that Plaintiff was not disabled.

## IV. RECOMMENDATIONS

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Plaintiff's "Motion for Summary Judgment" (document #8) be **DENIED;** that Defendant's "Motion for Summary Judgment" (document #9) be **GRANTED**; and the Commissioner's decision be **AFFIRMED.**

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this

Memorandum must be filed within fourteen days after service of same.  Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to counsel for the parties and to the Honorable Frank D. Whitney.

**SO RECOMMENDED AND ORDERED**.

Signed: August 12, 2021

David S. Cayer
United States Magistrate Judge