UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
DOCKET NO. 5:20-cv-00138-FDW-DSC

| | |
|---|---|
| LASHONDA JETTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |

THIS MATTER is before the Court on Lashonda Jetton's Motion for Summary Judgment (Doc. No. 8) and the Commissioner's Motion for Summary Judgment (Doc. No. 9). Pursuant to 28 U.S.C. § 636 (b)(1)(B), these motions were referred to the Magistrate Judge David Cayer for issuance of a Memorandum and Recommendation ("M&R") for disposition (Doc. No. 12). The M&R respectfully recommends Jetton's Motion for Summary Judgment be denied, Commissioner's Motion for Summary Judgment be granted, and the Commissioner's decision be affirmed. Jetton filed objections to the M&R (Doc. No. 13), and the Commissioner rested on the memorandum previously filed with this Court (Doc. No. 14); therefore, this matter is now ripe for review.

For the reasons set forth, the Court DECLINES to adopt the M & R, GRANTS IN PART Jetton's Motion for Summary Judgment, and DENIES the Commissioner's Motion for Summary Judgment.

1

## I. Background

Jetton does not lodge any specific objections to the procedural history and factual background or standard of review. Having conducted a careful review of these portions of the M&R, the Court finds the M&R's treatment thereof is correct and supported by the record. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee note) (holding when there is no objection, "a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'"). Thus, the portions of the M&R titled "Procedural History" and "Standard of Review" are adopted and incorporated by reference as if fully set forth herein.

## II. Standard of Review

### A. Review of the Commissioner's Determination

Pursuant to the Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), this Court's review of a final decision of the Commissioner of Social Security is limited to: (1) whether substantial evidence supports the Commissioner's decision, Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and (2) whether the Commissioner applied the correct legal standards, 42 U.S.C. § 405(g); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Rhyne v. Astrue, 3:09–cv–412–FDW–DSC, 2011 WL 1239800, at *2 (W.D.N.C. Mar. 30, 2011). Furthermore, "it is not within the province of a reviewing court to determine the weight of evidence, nor is it the court's function to substitute its judgment for that of the Secretary if his decision is supported by substantial evidence." Hays, 907 F.2d at 1456; see also Rhyne, 2011 WL 1239800 at *2.

Substantial evidence is "more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence that a reasonable mind would accept as adequate to support a conclusion." Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir.1986) (alteration in original) (quoting Richardson, 402 U.S. at 401). Thus, if this Court finds the Commissioner applied the correct legal standards and his decision is supported by substantial evidence, the Commissioner's determination may not be capriciously overturned.

### B. Review of the Memorandum and Recommendation

The Federal Magistrate Act states a district court "shall make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). De novo review is not required, however, "when a party makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); see also Diamond, 416 F.3d at 315. Objections to an M&R must specifically identify portions of the report and the basis for those objections. Fed. R. Civ. P. 72(b). Furthermore, "a general objection to a magistrate judge's findings is not sufficient—'a party must object to the [magistrate's] finding or recommendation . . . with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" United States v. Benton, 523 F.3d 424, 428 (4th Cir. 2008) (alteration in original) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). "General or conclusive objections result not only in the loss of de novo review by the district court, but also in the waiver of appellate review." Brock v. Colvin, No. 2:13–cv–0039–FDW–DSC, 2014

3

WL 5328651, at *3 (W.D.N.C. Oct. 20, 2014) (quoting Thompson v. Covenant Transp., Inc., No. 1:07-cv-275, 2008 WL 4372789, at *6 (W.D.N.C. Sept. 22, 2008)).

### III. ANALYSIS

In this case, the M&R recommends that substantial evidence supports the ALJ's evaluation of the record and ultimate determination that Jetton was not disabled. Jetton provides one "Objection" to the M&R entitled "Evaluation of Fibromyalgia" and argues the M&R erred in its application of Arakas v. Comm'r. Soc. Sec. Admin., 983 F.3d 83 (4th Cir. 2020), and conclusion that the ALJ properly analyzed Jetton's subjective complaints and symptoms related to fibromyalgia. Applying de novo review, the Court agrees.

In Arakas, the claimant—like Jetton here—alleged disability in part on her diagnosis of fibromyalgia, "a disease whose 'symptoms are entirely subjective,' with the exception of trigger point evidence." Id. at 96 (quoting Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996)). As the court explained, physical examinations of patients with fibromyalgia are typically normal, with a full range of motion, no joint swelling, and normal muscle strength and neurological reactions. 983 F.3d at 95 (citing Green-Younger v. Barnhart, 335 F.3d 99, 108-09 (2d Cir. 2002); Lisa v. Sec. of the Dep't of Health & Human Servs., 940 F.2d 40, 45 (2d Cir. 1991)). In assessing the claimant's RFC, the ALJ in Arakas found that her subjective complaints regarding the severity, persistence, and limiting effects of her symptoms were "not reliable" and "not completely consistent with the objective evidence." 983 F.3d at 94. The ALJ repeatedly emphasized that the medical reports failed to show the clinical and laboratory abnormalities one would expect if the claimant were disabled. Id. The Fourth Circuit held that in doing so, the ALJ applied the incorrect legal standard. Id. at 96. Instead, the claimant was "entitled to rely exclusively on subjective

4

evidence to prove that her symptoms were so continuous and/or so severe that they prevented her from working a full eight-hour day," and the ALJ erred in discrediting her complaints based on the lack of objective evidence corroborating them. Id. (citations omitted; modifications adopted). The court went further to explain, "ALJs may not rely on objective medical evidence (or the lack thereof)—*even as just one of multiple factors*—to discount a claimant's subjective complaints regarding symptoms of fibromyalgia or some other disease that does not produce such evidence." Id. at 97 (emphasis added).

Arakas recognizes the "unique nature of fibromyalgia," which suggests the holding is arguably narrow, and it compels remand where fibromyalgia-related symptoms are at issue and the ALJ does not appropriately analyze them. Id. at 95. "Arakas forbids ALJs to discount a plaintiff's fibromyalgia symptoms using objective evidence (or lack thereof)." Charlene S. v. Saul, No. CV DLB-20-853, 2021 WL 2141501, at *4 (D. Md. May 26, 2021) (citation omitted); see also David R. v. Kijakazi, No. CV DLB-20-1277, 2021 WL 3144528, at *4 (D. Md. July 26, 2021) ("After Arakas, an ALJ errs where he relies on objective evidence—even as just one of multiple factors—to discount a claimant's symptoms of fibromyalgia." (citation and quotation omitted)). The District Court in the Eastern District of North Carolina has noted, "[I]n Arakas the Fourth Circuit emphasized that in cases involving fibromyalgia, an ALJ's analysis of a claimant's subjective complaints will be unique." Newell v. Kijakazi, No. 2:20-CV-25-FL, 2021 WL 4350050, at *5 (E.D.N.C. Sept. 3, 2021) ("Here, the ALJ's reliance on normal clinical findings such as gait, range of motion, reflexes, and muscle strength is similar to the problem identified in Arakas."), report and recommendation adopted, No. 2:20-CV-25-FL, 2021 WL 4344123 (E.D.N.C. Sept. 23, 2021). "Since the decision, lower courts have consistently applied Arakas to

5

Case 5:20-cv-00138-FDW-DSC   Document 15   Filed 03/30/22   Page 5 of 9

remand cases with insufficient analysis of subjective complaints related to fibromyalgia that meet the diagnostic criteria." Sandra P., v. Comm'r of Social Security, No. 2:21CV127, 2022 WL 815463, at *8 (E.D. Va. Mar. 1, 2022) (collecting cases), report and recommendation adopted sub nom. Sandra P. v. Kijakazi, No. 2:21-CV-127, 2022 WL 811295 (E.D. Va. Mar. 16, 2022); see also Bryson v. Berryhill, No. 1:20-CV-00169-MOC, 2021 WL 2517682, at *5 (W.D.N.C. June 18, 2021) (recognizing the "significant rule change in Arakas" that "the ALJ is not allowed to consider objective medical evidence regarding a claimant's subjective symptoms of fibromyalgia," and remanding "in line with post-Arakas decisions of other districts in the Fourth Circuit" (collecting cases)).

Here, the ALJ determined that Jetton had several severe impairments, including fibromyalgia, and concluded these medically determinable impairments significantly limit the ability to perform basic work activities. In determining the RFC, however, the ALJ did not independently analyze fibromyalgia or the specific evidence relied on to discredit Jetton's subjective complaints stemming from fibromyalgia. Instead, the ALJ's decision makes clear he relied on "treatment notes," "medical findings," and "medical evidence" in discounting Jetton's subjective complaints regarding all of her symptoms. (Tr. 18). The ALJ summarily concluded:

> As for the claimant's statements about the intensity, persistence, and limiting effects of her symptoms, they are inconsistent because . . . the treatment notes . . . do not show impairments so severe as to preclude all physical and mental demands. Moreover, medical evidence . . . reflects response to treatment and the absence of substantive deterioration.

(Id.) In a paragraph discussing evidence of Jetton's diagnosis of and treatment related to fibromyalgia, the ALJ seemed to rely on those medical records in analyzing the seriousness of her fibromyalgia symptoms. For example, the ALJ noted that Jetton's examination on one occasion

6

revealed a "normal range of motion" despite complaints of joint paint. (Id.) The ALJ also stated, "Notably, no more than conservative treatment was provided for these impairments." (Id.). This is the type of legal analysis Arakas precludes.[1] The ALJ's error does not necessarily mean that Jetton is disabled. Nevertheless, the apparent application of the wrong legal standard undermines the stated bases for the ALJ's conclusions as set forth in his decision, thereby requiring remand for a proper evaluation of the case record. While the Commissioner may be able to articulate on remand different explanations for discounting any claimed limitations due to fibromyalgia, such explanations must be provided by the Commissioner in the first instance in accordance with the principles recently set forth in Arakas. On remand, the Commissioner should provide sufficient explanations that would permit meaningful judicial review, if necessary.

Notably, the ALJ issued the decision at bar denying Jetton's application in June 2019, well before the Fourth Circuit issued the Arakas opinion in December 2020. Accordingly, the ALJ did not have the benefit of the detailed guidance from Arakas, which the opinion recognizes to be a change in the law. The Fourth Circuit observed, "A growing number of circuits have recognized fibromyalgia's unique nature and have accordingly held that ALJs may not discredit a claimant's subjective complaints regarding fibromyalgia symptoms based on a lack of objective evidence substantiating them. . . . *Today*, we join those circuits . . . ." Id. at 97 (citations omitted; emphasis

---

[1] Although the ALJ erroneously looked to objective medical evidence to discredit Jetton's subjective complaints, there are portions of the ALJ's decision that suggest the ALJ also relied on medical evidence to *substantiate* Jetton's claims regarding the severity, persistence, or limiting effects of her fibromyalgia, which Arakas clearly permits. 983 F.3d at 97–98 ("If considered at all, such evidence—along with consistent trigger-point findings—should be treated as evidence substantiating the claimant's impairment."). One indication the ALJ did not disregard Jetton's subjective statements about the severity of her physical impairments is apparent in the ALJ's rejection of consultative opinions that Jetton had no more than mild limitations and could work at the medium exertional level. (Tr. 19). The ALJ found these opinions to be *inconsistent* with the other evidence of record (which would include Jetton's testimony) and "overly optimistic." (Tr. 19). The ALJ instead concluded Jetton's severe impairments, including her "continued back and hand pain" explained in her testimony, supported a "sedentary exertional level."

added).  Although prior to <u>Arakas</u> it would have been error to *require* objective evidence substantiating a claimant's fibromyalgia symptoms (something the ALJ here clearly did not do), after <u>Arakas</u>, an ALJ commits legal error simply by *discounting* a claimant's symptoms using objective evidence.  The new legal standard adopted in <u>Arakas</u> requires remand here.

Jetton also argues the M&R erroneously concluded that the ALJ conducted a thorough review required by SSR 12-2p, which governs evaluation of fibromyalgia in disability claims, despite not citing to the regulation.  In light of the Court's ruling above, the Court declines to address this objection, and the ALJ is free to revisit this upon remand.

### IV. CONCLUSION

The Court explicitly notes that in ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not take a position on the merits of Jetton's application for disability benefits nor does the Court express any opinion as to his other assignments of error.  The Court finds the ALJ's decision deficient for the reasons stated herein, and consequently, that decision as written cannot stand.  <u>See</u>, <u>e.g.</u>, <u>Newton v. Apfel</u>, 209 F.3d 448, 455 (5th Cir. 2000) ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision[.]" (citations omitted)).  In declining to address the other assignments of error in dicta here,[2] the Court notes that remand provides the opportunity for the ALJ to modify any prior basis for the prior decision in the new decision issued upon remand.  "Under § 405(g), 'each final decision of the Secretary [is]

---

[2] The Court recognizes the Fourth Circuit, on occasion, will address additional assignments of error notwithstanding an order to remand.  See <u>Patterson v. Comm'r of Soc. Sec. Admin.</u>, 846 F.3d 656, 663 (4th Cir. 2017) (noting that "[n]ormally, our opinion would end here, and we would not go beyond ordering the ALJ to apply the regulation that it failed to observe;" but then summarily directing the ALJ to provide a more detailed explanation as to other errors "in the interests of judicial efficiency . . . ."); <u>Bird</u>, 699 F.3d at 343 (citing <u>Sharpe v. Dir., Office of Workers' Comp. Programs</u>, 495 F.3d 125, 134 n. 16 (4th Cir. 2007) (providing instructions for ALJ to follow on remand regarding issues not dispositive on appeal); <u>Gordon v. Schweiker</u>, 725 F.2d 231, 236 (4th Cir. 1984) ("Since the case must be reconsidered by the Secretary, we do provide some guidance as to a matter very likely to arise at the hearing which will occur.")).

reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." Shalala v. Schaefer, 509 U.S. 292, 299 (1993) (quoting Sullivan v. Finkelstein, 496 U.S. 617, 624-25 (1990)).

IT IS THEREFORE ORDERED that the Court SUSTAINS IN PART Jetton's Objections, (Doc. No. 13), and DECLINES to adopt the M&R (Doc. No.12).

IT IS FURTHER ORDERED that Jetton's Motion for Summary Judgment (Doc. No. 8) is GRANTED in part; the Commissioner's Motion (Doc. No. 9) is DENIED; and the ALJ's determination is REVERSED and REMANDED to the Commissioner for further proceedings consistent with this order.

IT IS SO ORDERED.

Signed: March 29, 2022

Frank D. Whitney
United States District Judge